United States District Court
Southern District of Texas
**ENTERED**
August 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANTIAGO LOPEZ-CHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00135 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### AMENDED[1] MEMORANDUM AND RECOMMENDATION TO DISMISS CASE FOR WANT OF PROSECUTION

Santiago Lopez-Chavez ("Petitioner"), an inmate currently confined at Federal Correctional Institution Three Rivers, has filed this *pro se* habeas action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) This case has been referred to the undersigned.

The Court issued a Notice of Deficient Pleading on June 17, 2022, notifying Petitioner that he must either submit the filing fee of $5.00 or submit a fully completed motion to proceed *in forma pauperis* along with a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of this action. (Doc. No. 3.) Petitioner was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. *Id.*

Petitioner failed to comply with the Notice of Deficient Pleading. In fact, other than filing a consent to proceed before a magistrate judge on June 30, 2022 (Doc. No. 5), he has not taken any action at all. On July 22, 2022, the Court ordered Petitioner to show cause within 20 days why his case should not be dismissed for want of prosecution and warned Petitioner that failure to comply would result in a dismissal of his case. (Doc. No. 6.) Additionally, the Court

---

[1] This amended memorandum and recommendation only amends Doc. No. 7 to include a notice to parties.

cautioned that a failure to comply with the order would result in a recommendation to the District Court to dismiss Petitioner's cause of action. *Id.* at 1-2.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). To date, Petitioner has not satisfied the requirements to pursue his 28 U.S.C. § 2241 case. The Court has twice advised Petitioner, both through a Notice of Deficient Pleading and through an Order to Show Cause, that this action would be dismissed for want of prosecution if he failed to comply with these court orders. (Doc. Nos. 3, 6.) Petitioner has repeatedly failed to follow court orders and submit the required filing fee or application to proceed *in forma pauperis*. Petitioner has been warned that this failure may result in the dismissal of this action. For these reasons, the undersigned finds that the dismissal of this case is appropriate.

Accordingly, the undersigned recommends that Petitioner's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED on August 16, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge

## NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).